IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| STEVEN MICHAEL SURYNT,<br><br>          Plaintiff,<br><br>v.<br><br>MEDFORD TWP POLICE DEPT., *et al.*,<br><br>          Defendants. | Civil Action No. 24-10562<br>(RMB/SAK)<br><br>OPINION |

**RENÉE MARIE BUMB, Chief United States Judge:**

**THIS MATTER** comes before the Court upon the filing of a Complaint [Docket No. 1] and an application to proceed *in forma pauperis* ("IFP") [Docket No. 1-2] by *pro se* Plaintiff Steven Michael Surynt. Plaintiff's IFP application establishes Plaintiff's financial eligibility to proceed without prepayment of the filing fee and will be granted. 28 U.S.C. § 1915.

**I. SCREENING FOR DISMISSAL**

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts,

however, must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The legal standard for dismissing a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.

## II. BACKGROUND

As alleged in his *pro se* Complaint, Plaintiff's claims stem from a traffic stop on June 10, 2024. [Compl. at 5.] While driving a "borrowed auto," Plaintiff was stopped by a police officer, Defendant Riordan, who informed Plaintiff that the inspection sticker on his vehicle was expired. [*Id.*] Officer Riordan then requested Plaintiff's driver's license, registration, and insurance. Rather than provide these, Plaintiff instead asked if he had committed a crime. [*Id.*] After a "polite conversation," Officer Riordan stepped away briefly. Upon his return, Officer Riordan once again requested Plaintiff's identification and Plaintiff again asked if he had committed a crime. At this time, a second officer, Defendant Lange approached and threatened Plaintiff with arrest if he did not provide identification. Officer Lange allegedly became aggressive,

2

opened Plaintiff's car door, and arrested Plaintiff.  The officers then searched Plaintiff's vehicle.  [*Id.*]  A third officer, Defendant Corporal Denning, then arrived and "treated [Plaintiff] as though [he] were a criminal."  [*Id.*][1]

Plaintiff was then taken to the Medford Township police station where he was handcuffed to a bench and questioned by Officer Lange.  [*Id.*]  Eventually, Plaintiff was told he was being charged with obstruction.  Plaintiff alleges he was never read his *Miranda* rights and was unable to contact an attorney.  [*Id.*]

At some point thereafter, Plaintiff was placed in a holding cell.  While in the cell, Plaintiff alleges he was attacked by three armed officers, Officer Kostue, Officer Lange, and Corporal Denning, after "invoking [his] Second Amendment right to protect [him]self."  Eventually Plaintiff was transferred to Burlington County jail.  [*Id.*]  A subsequent internal investigation into the officers' conduct determined that "allinvolved officers adhered to 'regular policies and procedures,' [sic] of Medford Township."  [*Id.* at 7.]

Plaintiff alleges that he submitted certain documents to Defendant Stacy McBride, a court administrator, and that he had two virtual special appearances before Judge Peter C. Lange Jr.[2]  [*Id.* at 6.] According to Plaintiff, Judge Lange denied his

---

[1]  Plaintiff claims that an additional officer, Defendant McHugh, was also involved in the initial traffic stop. [Compl. at 6.]  However, the Complaint does not include any allegations regarding Officer McHugh's involvement or conduct.

[2]  It appears that Judge Lange is a municipal court judge in Medford Township, New Jersey, and that Ms. McBride is his court administrator.  *See* Medford Township Municipal Court, https://medfordtownship.com/municipal-court/.

3

motion to dismiss and ordered two bench warrants for Plaintiff for failure to appear although Plaintiff alleges he had not been properly served. [*Id.*]

Plaintiff claims that he suffered cuts on his shins during on the day of his arrest and that he now suffers from post-traumatic stress disorder, anxiety, depression, and insomnia. His arrest led to the loss of his employment. [*Id.*] Plaintiff asserts federal civil rights violations against all Defendants, invoking 42 U.S.C. §§ 1983, 1985 and 18 U.S.C. §§ 31(e), 241, 242, 2076, 3571. [*Id.* at 6–7.]

## III. DISCUSSION

### A. Immunity from Suit

State judges have absolute immunity for their judicial acts. *See Wirfel v. Leahey*, 351 F. App'x 735, 736 (3d Cir. 2009) ("The Supreme Court has long recognized that judges are immune from suit for monetary damages arising from their judicial acts." (collecting cases)).[3] This immunity may be overcome in only two circumstances: (1) where actions were not taken in the judge's judicial capacity; and (2) where actions were taken in complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Plaintiff's allegations that Judge Lange lacked jurisdiction over his case and acted unlawfully are insufficient to establish either of these exceptions. The Complaint alleges nothing more than disagreement with Judge Lange's rulings. It does not and cannot allege that Judge Lange acted outside his official capacity as a judge or in the

---

[3] Judicial immunity extends to judges of courts of limited jurisdiction, such as municipal court or administrative law judges, because their roles are "functionally comparable" to that of a judge. *Figueroa v. Blackburn*, 208 F.3d 435, 441 (3d Cir. 2000).

4

complete absence of jurisdiction. Any amendment would be futile. *See Cashaw v. New Jersey Div. of Child Placement & Permanency*, No. CV 24-10864 (ZNQ) (JTQ), 2025 WL 830369, at *4 (D.N.J. Mar. 17, 2025). Accordingly, all claims against Judge Lange will be dismissed with prejudice.

Plaintiff has also named Stacy McBride, a municipal court administrator, as a defendant. But Plaintiff's claims against Ms. McBride fail because Ms. McBride – as court personnel – is immune from suit for any actions taken "pursuant to court directive" or in her "role helping the Court to 'control its docket.'" *Willis v. O'Toole*, 804 F. App'x 116, 119 (3d Cir. 2020). The Complaint contains no allegations that Ms. McBride's conduct fell outside of these roles. It alleges nothing more than disagreement with Ms. McBride's actions taken in her official capacity and amendment would be futile. Thus, all claims against Ms. McBride will also be dismissed with prejudice.

### B. Criminal Statutes

Plaintiff invokes a number of federal criminal statutes. Plaintiff claims that Judge Lange "fail[ed] to issue proper warrants" in violation of 18 U.S.C. § 3571; that Ms. McBride, a municipal court administrator, failed to file documents as required by 18 U.S.C. § 2076; and that Officer Lange violated his constitutional rights in violation of 18 U.S.C. §§ 31(e), 241, 242. None of these criminal statutes authorizes a private cause of action. *See, e.g.*, *Mason v. Mobile Cnty. Cir. Clerk*, No. 23-12775, 2024 WL 1803091, at *2 (11th Cir. Apr. 25, 2024) (18 U.S.C § 3571); *Smalls v. Riviera Towers Corp.*, 782 F. App'x 201, 206 (3d Cir. 2019) (18 U.S.C. §§ 241, 242); *Carlan v. Ashford*,

5

No. 5:24-CV-129 (CAR), 2025 WL 336722, at *3 (M.D. Ga. Jan. 29, 2025) (18 U.S.C. § 2076); *Lawton v. Wells Fargo Bank, N.A.*, No. CV 22-3294, 2023 WL 2539000, at *4 (E.D. Pa. Mar. 16, 2023) (18 U.S.C. § 31).[4] Thus, to the extent Plaintiff attempts to bring claims under the aforementioned criminal statutes, those claims will be dismissed with prejudice.

### C. Section 1983 Claims

Turning to the factual allegations in the Complaint, the Court finds that appear to set forth claims under 42 U.S.C. § 1983 for false arrest, false imprisonment, excessive force, and a violation of his Fourth Amendment right to be free from unreasonable search and seizures.[5]

Section 1983 provides that "[e]very person who, under color of any [law], . . . subjects, or causes to be subjected, any [person] to the deprivation of any rights,

---

[4]  18 U.S.C. § 31(e) does not exist. Section 31 is a criminal statute – with only two subsections: (a) and (b) – that provides definitions relating to aircraft and motor vehicles. 18 U.S.C. § 31.

[5]  The Complaint names both Burlington County J.I.F. and Officer McHugh as Defendants. But Plaintiff makes no allegations whatsoever against Burlington County J.I.F. Similarly, the only allegation against Officer McHugh is that he was "involved in the initial unlawful stop." [Compl. at 6.] There are no allegations of how he was involved. McHugh is not mentioned at all in Plaintiff's account of the traffic stop. "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As the Complaint does not allege any personal involvement in the alleged wrongs by these two Defendants, all claims against them will be dismissed without prejudice. *See Harvey v. Czplinski*, No. CV 16-8181 (RMB), 2016 WL 7436052, at *2 (D.N.J. Dec. 22, 2016) (dismissing Section 1983 claims where complaint did not "in any way disclose" how defendants were personally involved).

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]" 42 U.S.C. § 1983. However, Section 1983 does not in itself confer any rights. A plaintiff must ground that claim in a right conferred by the Constitution or the laws of the United States. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *Fagan v. City of Vineland*, 22 F.3d 1296, 1310 (3d Cir. 1994).

### 1. Police Department

As a preliminary matter, the Court notes that a "city police department is not a separate legal entity that can be sued under § 1983." *McGillvary v. Union Cnty., New Jersey*, No. CV 15-8840 (MCA), 2020 WL 2079266, at *4 (D.N.J. Apr. 30, 2020) (collecting cases). The proper defendant is the municipality itself. *See Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014) (finding that the police department was not a proper party because "a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a party.").[6] Therefore, the Court will dismiss Plaintiff's Section 1983 claims against the Medford Township Police Department with prejudice.

---

[6] In any event, "[a] municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*." *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Rather, to establish municipal liability under Section 1983, a plaintiff generally must demonstrate that a municipal policy or custom was the "moving force" behind the constitutional tort of one its employees. *Id.* (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991)). Alternatively, "a municipality may be liable under § 1983 for a single decision by its properly constituted legislative body . . . because even a single decision by such a body unquestionably constitutes an act of official government policy." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). The Complaint does not allege an unconstitutional municipal policy or custom.

### 2. False Arrest and False Imprisonment

Plaintiff alleges that he was falsely arrested and imprisoned. The elements a plaintiff must plead to state a claim of false arrest in violation of the Fourth Amendment are: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995)). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman*, 47 F.3d at 636 (citing *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988)).

For purposes of a Fourth Amendment false arrest claim under Section 1983, the pertinent inquiry is whether "the arresting officers had probable cause to believe the person arrested had committed the offense." *Id.* at 635 (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *D.C. v. Wesby*, 583 U.S. 48, 57 (2018) (quoting *Illinois v. Gates*, 462 U.S. 213, 243–44, n. 13 (1983)). Courts must "examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause.'" *Id.* (quoting *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)).

Plaintiff alleges that Officers Riordan and Lange stopped him while driving with an expired inspection sticker. After Plaintiff agreed to remedy the issue, the officers

demanded Plaintiff's driver's license, registration, and insurance card. When Plaintiff refused to show these, the officers removed Plaintiff from his vehicle and arrested him. Even liberally construing Plaintiff's *pro se* Complaint, as required, the Court finds that Plaintiff's Complaint fails to adequately plead that he was arrested and detained without probable cause.

In New Jersey, failure to have a vehicle inspected timely and to display a valid inspection sticker is punishable with fines and/or imprisonment. N.J. STAT. ANN. § 39:8-9. Additionally, a driver must exhibit his driver's license, insurance card, and registration when requested to do so by a police officer. N.J. STAT. ANN. § 39:3-29. It is undisputed that Plaintiff was driving a vehicle with an expired inspection sticker and that he refused to provide the officers with his identification. Either of these is sufficient to establish probable cause. *See Lopez v. City of Plainfield*, No. 12CV4976SRCCLW, 2017 WL 370781, at *9 (D.N.J. Jan. 25, 2017) (police officers had probable cause to arrest plaintiff where they "observed him committing a traffic offense in their presence and then Plaintiff failed to produce his driver's license."). And it is irrelevant to this Court's probable cause analysis that Plaintiff was charged only with obstruction, rather than one of these traffic offenses. *Wright v. City of Philadelphia*, 409 F.3d 595, 602 (3d Cir. 2005) (citing *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994) ("Probable cause need only exist as to any offense that could be charged under the circumstances.")). Accordingly, as probable cause is evident on the face of the Complaint (and essentially conceded in Plaintiff's

9

allegations, making amendment futile), Plaintiff's false arrest and false imprisonment claims will be dismissed with prejudice.

### 3. Unreasonable Search Claim

Next, Plaintiff claims that Defendants violated the U.S. Constitution by unlawfully searching Plaintiff's vehicle without his consent. "The Fourth Amendment generally requires police to secure a warrant before conducting a search." *Maryland v. Dyson*, 527 U.S. 465, 466 (1999). But "[t]here are, of course, exceptions to the general rule that a warrant must be secured before a search is undertaken." *California v. Carney*, 471 U.S. 386, 290 (1985). One such exception to the warrant requirement is a search incident to a lawful arrest. *Arizona v. Gant*, 556 U.S. 332, 339 (2009). Police officers "may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.* at 351.

The Complaint's allegations regarding the search of Plaintiff's vehicle are scant. Plaintiff does not allege where he was during the search, who searched the vehicle or why it was searched, or what parts of the vehicle were searched. The only allegation is that, without Plaintiff's consent, "they unlawfully searched [his] auto." This is impermissibly vague to establish an unreasonable search claim. *See, e.g.*, *Thompson v. Van Ness*, No. CV 23-4205 (RK) (RLS), 2024 WL 5056410, at *4 (D.N.J. Dec. 10, 2024) (allegation that car was searched without a warrant was insufficient to survive screening); *Madsen v. Washington Twp. Police*, No. CV 20-2395 (FLW), 2021 WL

10

3932056, at *7 (D.N.J. Sept. 2, 2021) (dismissing unreasonable search claim upon screening where complaint did not provide "any facts suggesting that the officers were acting in bad faith, for the sole purpose of investigation, and/or failed to follow standardized procedures."); *Slaughter v. Galloway Twp.*, No. CV2101036RBKSAK, 2021 WL 4059834, at *2 (D.N.J. Sept. 7, 2021) (allegation that police searched vehicle without consent that "does not specify what the officers stated or whether the officers had any reason to" do so is insufficient to survive screening). Accordingly, Plaintiff's unreasonable search claim will be dismissed without prejudice.

### 4. Excessive Force

"An excessive force claim under § 1983 arising out of law enforcement conduct is based on the Fourth Amendment's protection from unreasonable seizures of the person." *Groman*, 47 F.3d at 633 (citing *Graham,* 490 U.S. at 394–95). The claim arises when "a law enforcement officer uses force so excessive that it violates the Fourth and Fourteenth Amendments to the United States Constitution." *Id.* at 634 (citing *Brown v. Borough of Chambersburg,* 903 F.2d 274, 277 (3d Cir. 1990)). Courts analyze allegations of injuries caused by police officers under the Fourth Amendment's "reasonableness" standard." *Graham*, 490 U.S. at 395.

Plaintiff claims that the arresting officers committed assault and battery against him during the course of his arrest and that he was "cuffed to a bench, and treated like an animal." [Compl. at 5.] Plaintiff's allegation that he suffered an assault and battery during the course of his arrest is conclusory. Police officers may use force pursuant to a lawful arrest, but that force must be reasonable. *Groman*, 47 F.3d at 634. The Court

cannot assess the reasonable of any force used during the course of Plaintiff's arrest in light of the paucity of allegations. Likewise, handcuffing can give rise to an excessive force claim only where a plaintiff has suffered "a severe injury from handcuffs" or where there is "some other evidence, such as 'obvious visible indicators of pain.'" *Velius v. Twp. of Hamilton*, 754 F. Supp. 2d 689, 694 (D.N.J. 2010), *aff'd*, 466 F. App'x 133 (3d Cir. 2012) (citations omitted). Here, Plaintiff alleges nothing more than that he was handcuffed after arrest. While it is possible that Plaintiff may be able to set forth a viable excessive force claim upon amendment, he has not done so at this stage.

Plaintiff also claims that, while sitting in a holding cell with his hands at his sides, he was "attacked by three armed officers, Kostue, Lange and Denning after invoking [his] Second Amendment right to protect [him]self." [Compl. at 5.] The only physical injury Plaintiff has alleged is "physical cuts on each of [his] shins." [*Id.* at 6.] Law enforcement officers may use force against an inmate or detainee to preserve and maintain the safety of others in the area, they may not use gratuitous force against one who has been subdued. *Burney v. Kimball*, No. CIV. A. 13-3126 CCC, 2015 WL 225812, at *4 (D.N.J. Jan. 15, 2015) (collecting cases). And, generally speaking, an unprovoked assault on a detainee, especially if the detainee is handcuffed and unarmed, is sufficient to state an excessive force claim. *See, e.g.*, *id.* at *5; Bell-Parnell v. Mount Laurel Police Dep't*, No. CV 20-20000 (RMB/AMD), 2021 WL 2896039, at *5 (D.N.J. July 9, 2021). Again, however, the Complaint does not set forth any details about the alleged attack, other than that it took place after he invoked his "Second Amendment right to protect [him]self." The Second Amendment protects

12

the right of individuals to keep and bear arms. U.S. CONST. amend II. Though it is unclear what Plaintiff was doing when he was allegedly attacked, even a liberal construction of the Complaint does not establish that the attack was unprovoked. And, given the lack of factual details regarding the nature of the attack, Plaintiff has not alleged that the force used was unreasonable.

As there are no allegations that support a finding of unreasonable use of force, Plaintiff's excessive force claims will be dismissed without prejudice.

### D. Section 1985 Claims

Plaintiff also claims that the police office defendants conspired to violate his rights under 42 U.S.C. § 1985. Section 1985 is a conspiracy statute. Like Section 1983, Section 1985(3) "provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates." *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979). To prove that defendants engaged in a conspiracy in violation of Section 1985, a plaintiff must establish (1) a conspiracy involving two or more persons; (2) one or more of the conspirators performed or caused to be performed an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff in their person or property, or deprived the plaintiff of any right or privilege of a citizen of the United States. *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)). The plaintiff must allege that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin*, 403 U.S. at 102.

Section 1985(3) provides for causes of action against both state and private actors. *Novotny*, 442 U.S. at 371–72; *Barnes*, 242 F.3d at 162.

The Complaint contains no allegations suggesting a conspiracy between any of the Defendants or others. Additionally, Plaintiff does not allege that any purported conspiracy was motivated by any type of invidious discriminatory animus. For these reasons, Plaintiff's conspiracy claims under Section 1985 will be dismissed without prejudice. *See Baldwin v. Brown*, No. CV 18-16213 (RMB), 2019 WL 1589968, at *11 (D.N.J. Apr. 12, 2019) (dismissing Section 1985 conspiracy claims that are conclusory, do not allege agreement by defendants to violate plaintiff's rights, and lack facts suggesting discriminatory motive or class-based animus).

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's IFP application will be **GRANTED**. Upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), however, Plaintiff's Complaint will be **DISMISSED**. Plaintiff's claims against Judge Peter C. Lange, Jr., Stacy McBride, and the Medford Township Police Department, as well as Plaintiff's false arrest and false imprisonment claims, will be **DISMISSED WITH PREJUDICE**. To the extent Plaintiff asserts claims under various criminal statutes, specifically 18 U.S.C. §§ 31(e), 241, 242, 2076, 3571, those claims will also be **DISMISSED WITH PREJUDICE**. All claims against Officer McHugh and Burlington County J.I.F. are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Section 1983 excessive force and unreasonable search claims and Section 1985 conspiracy claims will be **DISMISSED WITHOUT PREJUDICE**. Plaintiff may amend his pleadings to

remedy the deficiencies identified herein within thirty (30) days. If Plaintiff does not timely file an amended complaint, this matter will be dismissed with prejudice. An appropriate Order shall issue on this date.

Dated: May 9, 2025

                                            **s/Renée Marie Bumb**
                                            RENÉE MARIE BUMB
                                            Chief United States District Judge